IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: RODNEY E. PIEDVACHE | ) | CIVIL NO. 17-00429 HG-RLP |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION THAT |
| | ) | THE DISTRICT COURT DISMISS |
| | ) | PLAINTIFF'S COMPLAINT WITH LEAVE |
| | ) | TO AMEND |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND[1]

Plaintiff, proceeding pro se, filed several documents on August 28, 2017, which the Clerk's Office accepted as a Complaint. See ECF No. 1. After careful consideration of the documents filed by Plaintiff, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint with leave to amend.

DISCUSSION

The court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short and plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. <u>Hearns</u>, 530 F.3d at 1131 (quoting <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A complaint may be dismissed for failure to comply with Rule 8 if the complaint fails to provide the defendants with fair notice of the wrongs that they have allegedly committed. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings. <u>See</u> <u>Bernhardt v. L.A. Cnty.</u>, 339 F.3d 920, 925 (9th Cir. 2003).

  The Court has reviewed the documents filed by Plaintiff and concludes that Plaintiff fails to state any discernable basis for judicial relief. The first filing is a ten-page document titled "Court Minutes," which details various state law citations issued to Plaintiff, several state court cases against Plaintiff, and the dates of various court actions in those cases. <u>See</u> ECF No. 1 at 1-10. This document also includes a "Sworn Statement of

rodney piedvache, sovereign," which states that "piracy court agents" have violated his inalienable human rights." See id. at 11. Plaintiff does not name most of these individual "agents," but states that they are judges, police officers, prosecutors and public defenders. Id. at 11-12. Plaintiff does state that his appointed state court attorney, Ivan Van Leer, entered a plea against Plaintiff's instructions and did not provide effective assistance of counsel. Id. at 11.

The second document filed by Plaintiff is titled "Notice of Affidavit - Freedom Ride," and contains what appears to be a statement from John Roberts regarding Plaintiff's arrest on January 2, 2016.[2] See ECF No. 1-1.

The third document filed by Plaintiff is entitled "Exhibit A," and contains seven pages taken from the Hawaii Rules

---

[2] It appears that Plaintiff has previously filed an action in this court related to his arrest on January 2, 2016. Piedvache v. Ige, et al., Civil No. 16-00138 DKW-RLP, Docket No. 1. Plaintiff filed a complaint on March 24, 2016, asserting various claims against Governor David Ige, His Wife Dawn Ige; Senator Brian Schatz, His Wife Linda Kwok Kai Yun Schatz; Senator Maize Hirono, Her Husband Leighton Kim Oshima; Congresswoman Tulsi Gabbard; Hawaii Police Department and all officers involved in the arrest on January 2, 2016. See id. In that action, the district court dismissed with prejudice Plaintiff's claims for copyright violation, criminal law violations, and claims for damages against the government officials in their official capacity. See Piedvache v. Ige, No. 16-00138 DKW-RLP, 2016 WL 6516826, at *8 (D. Haw. Nov. 2, 2016). Although the court gave Plaintiff leave to file an amended complaint, Plaintiff did not file an amended complaint and the case was dismissed without prejudice. See Piedvache v. Ige, et al., Civil No. 16-00138 DKW-RLP, Docket Nos. 43, 44.

of Professional Conduct.  See ECF No. 1-2 at 1-7.  The next two pages of this document are titled "Affidavit of Affirmation" and contain a list of various criminal statutes.  Id. at 8-9.  Plaintiff states that "fraud was created on me by the judge; Harry Freitas, Judge Udovick, Judge Barabara Takase, and police department 'Agents" working for County of Hawaii, as 'Agents' for corporation."  Id. at 8.  Finally, the last twenty-three pages of this document appear to be an article written by Gregory Allan titled "The Lawful Path," on the topic of driving without a license.  See id. at 10-33.

Even liberally construed, Plaintiff's filings do not state any discernable basis for judicial relief.  Although the documents filed by Plaintiff reference violations of Plaintiff's rights, the documents do not contain any factual allegations regarding the specific conduct at issue or the actions of any specific individuals.  None of the statements in the documents filed by Plaintiff contain sufficient information to provide notice of the claims asserted.  To the extent Plaintiff is attempting to assert a claim against any defendant for any criminal violations, a civil complaint cannot state a claim for violation of a criminal statute.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  To the extent Plaintiff is attempting to challenge any state court judicial proceedings, this court lacks jurisdiction to hear such claims.  See Branson

v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings.").

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint to address the deficiencies identified above.  If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference. See Local Rule 10.3.  Plaintiff's amended complaint must include short, plain statements telling the court how each named Defendant has injured Plaintiff and what each Defendant did and how those specific facts create a plausible claim for relief. See Fed. R. Civ. P. 8(a).

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) DISMISS Plaintiff's Complaint without prejudice;

2) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above after the district court adopts this Findings and Recommendation; and

3) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified by the district court will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 13, 2017.



Richard L. Puglisi
United States Magistrate Judge

**IN RE: RODNEY E. PIEDVACHE; CIVIL NO. 17-00429 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**